**Presentment Date:  January 12, 2023 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline:  January 9, 2023 at 4:00 p.m. (prevailing Eastern Time)**

**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
Scott L. Fleischer
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com
sfleischer@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11, Subchapter V |
| | : | |
| GETSWIFT, INC., *et al.*,[1] | : | Case No. 22-11057 (MEW) |
| | : | Lead Case |
| Debtors. | : | Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER (I) ESTABLISHING
BAR DATES FOR FILING CLAIMS, AND (II) APPROVING
THE FORM AND MANNER OF NOTICE THEREOF**

The above-captioned debtors and debtors-in-possession, GetSwift Inc. ("Inc.") and

GetSwift Technologies Limited ("Technologies"), (collectively, the "Debtors"), file this motion

("Motion") seeking entry of an order in the form attached hereto as **Exhibit A** ("Proposed Order"),

(i) establishing bar dates for filing of proofs of claim against the Debtors pursuant to Rule 3003(c)

of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and (ii) approving the form

and manner of notice thereof pursuant to Bankruptcy Rule 2002(a)(7), and respectfully represent

as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GetSwift, Inc. (4235) and GetSwift Technologies Limited (4875).

## JURISDICTION AND VENUE

1.        This Court has jurisdiction to consider this matter pursuant to §§ 157 and 1334 and

the *Amended Standing Order of Reference from the United States District Court for the Southern

District of New York*, dated January 31, 2012.  Consideration of this matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409.

2.        The Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules,

to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent

that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter

final orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

3.        The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a), 501, and

502(b)(9) (11 U.S.C. § 101 *et seq.*, "Bankruptcy Code"), Bankruptcy Rules 2002 and 3003, and

Rules 2002–1 and 3003–1 of the Local Bankruptcy Rules for the Southern District of New York

("Local Rules").

## BACKGROUND

4.        On August 2, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy

Court for the Southern District of New York (the "Bankruptcy Court") commencing these chapter

11 cases (the "Chapter 11 Cases").  The Debtors continue to operate their businesses and manage

their properties as debtors-in-possession pursuant to section 1184 of the Bankruptcy Code.

5.        On August 3, 2022, the Bankruptcy Court entered an order providing for the joint

administration of these Chapter 11 Cases [Docket No. 12].

6.      No request for the appointment of a trustee or an examiner has been made in the Chapter 11 Cases and no statutory committees have been appointed or designated.

7.      A description of the Debtors' business operations, corporate structure, and reasons for commencing these Chapter 11 Cases is set forth in *Declaration of Joel Macdonald Pursuant to Local Bankruptcy Rule 1007-2* [Docket. No. 2].

8.      Debtor Technologies is the ultimate parent company of Debtor Inc., which was a delivery management software-as-a-service (SaaS) company with clients in over 70 countries and across more than 70 different verticals that used Inc.'s software to automate and manage their local delivery operations and delivery drivers.

9.      On October 31, 2022, the Debtors filed the *Joint Chapter 11 Plan of Liquidation* [Dkt. 105] (the "Plan").

10.      On December 7, 2022, the Debtors completed a sale of the SaaS business by closing with buyer SF2 GSW LLC effective as of November 30, 2022.

## **RELIEF REQUESTED**

**I.      Request for an Order (i) Establishing Bar Dates and Related Claims Procedures, and (ii) Approving Form and Manner of Notice**

11.      Since the Petition Date, the Debtors have been focused on the sale of the SaaS business, notwithstanding their filing of the Plan on a timely basis.  Now that the sale has closed, the Debtors intend to proceed to confirmation in the near term.  To be in position to make distributions under a confirmed plan, Debtors require, *inter alia*, complete and accurate information regarding the nature, validity, and amount of allowed claims[2] asserted against each estate.

---

[2] As used in the Motion, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

12.     Consequently, Debtors request, pursuant to Bankruptcy Rule 3003(c), that the Bankruptcy Court (i) establish the bar dates and related claims procedures proposed by Debtors, and (ii) approve the form and manner of notice thereof.

## II.     Establishment of the Bar Dates

### A.  General Bar Date

13.     Bankruptcy Rule 3003(c)(3) requires that the Bankruptcy Court fix a time within which proofs of claim must be filed  Local Rule 3003-1 incorporates the *Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claims* ("Procedural Guidelines"), which provide that "the suggested Bar Date should be at least thirty-five (35) days after the mailing date and at least twenty-eight (28) days after the publication date...."  Procedural Guidelines at ¶2.

14.     Debtors request that the Bankruptcy Court establish **February 22, 2023 at 5:00 p.m. ET** ("General Bar Date")[3] as the deadline for filing proofs of claim against either Debtor on account of prepetition unsecured or secured, priority, or nonpriority claims (as defined in section 101(5) of the Bankruptcy Code) that any party could assert against either Debtor.

15.     After an order is entered approving this Motion ("Bar Date Order"), Debtors will serve a notice of the bar dates and a general proof of claim form upon all known entities holding potential claims subject to the Bar Dates.  This will amount to no less than 35 days' actual notice of the Bar Dates.

16.     Debtors submit that the notice period provided by the Bar Dates is sufficient to comply with the Bankruptcy Rules and Local Rules in light of the proposed notice procedures

---

[3] The proposed General Bar Date is thirty five (35) days after the presentment date, plus time for processing and entry of the proposed order approving this Motion.

herein.  Bankruptcy Rule 3003(c)(3) governs the time for filing of proofs of claim in a chapter 11

case and provides in relevant part, "[t]he court shall fix and for cause shown may extend the time

within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).  Although

Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a

minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule

3003(c), and the Local Rules though the Procedural Guidelines suggest 35 days' notice, neither

the Bankruptcy Code nor the Bankruptcy Rules specify a time by which proofs of claim must be

filed in chapter 11 cases, other than section 502(b)(9) of the Bankruptcy Code, which provides that

governmental units shall have a minimum of 180 days after the entry of the order for relief to file

proofs of claim.

17.     Except as otherwise provided herein, the General Bar Date will apply to all claims

of any kind that arose prior to the Petition Date.  The claims subject to the General Bar Date are

referred to herein as "General Claims."

18.     Unless they fall within one of the exceptions described below, the General Bar Date

is the date by which all entities holding prepetition General Claims must file proofs of claim with

respect to such General Claims.

**B.  Government Bar Date**

19.     Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a

governmental unit is deemed timely if it is filed within 180 days after the Petition Date.  The

voluntary petition was filed on August 2, 2022.  Accordingly, Debtors request that this Court

establish **February 22, 2023 at 5:00 p.m. ET** (more than 180 days after the Petition Date and the

same date as the proposed General Bar Date) as the Governmental Bar Date in these cases.  The

Governmental Bar Date will apply to all governmental units holding claims against either Debtor

(whether secured, unsecured priority, or unsecured nonpriority, and any claim for setoff of mutual

debts) that arose prior to the Petition Date, including governmental units with claims against either

Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or

prepetition transactions to which either Debtor was a party.

## C.  Rejection Bar Date

20.    Certain entities or persons may assert claims in connection with either Debtor's

rejection of executory contracts pursuant to section 365 of the Bankruptcy Code.  Debtors propose

that for any claim relating to either Debtor's rejection of an executory contract pursuant to a Court

order entered, or applicable notice filed, prior to confirmation of a plan of reorganization (a

"Rejection Order"), the Rejection Bar Date for such a claim will be the later of (i) the General Bar

Date, and (ii) such date as the Bankruptcy Court may fix in the Rejection Order.

## D.  Amended Schedules Bar Date

21.    Debtors may amend or supplement their Schedules, including designation of any

scheduled claim as disputed, contingent, or unliquidated.  If either Debtor amends or supplements

the Schedules, Debtors will give notice of any such amendment or supplement to the holders of

claims affected thereby, including notice of the Amended Schedules Bar Date, to file proofs of

claim in response to the amendment or supplement to the Schedules.  In particular, if Debtors

amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated

amount, to change the nature or classification of a claim against either Debtor, or to add a new

claim in the Schedules, any affected entities that dispute such changes must, by the Amended

Schedules Bar Date, file a proof of claim or amend any previously filed proof of claim in respect

of the amended scheduled claim in accordance with the procedures described herein.  Debtors

request that the Amended Schedules Bar Date be established as the later of: (a) the General Bar

Date; or (b) 30 days after the date that the notice of the applicable amendment or supplement to

the Schedules is sent to the entity.  Notwithstanding the foregoing, nothing contained herein shall

preclude Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

### III.    Proofs of Claims that Must be Filed by the General Bar Date

22.    Subject to the terms described above for holders of claims subject to the

Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, Debtors

propose that the following entities be required to file proofs of claim on or before the General Bar

Date:

> a.    any entity (i) whose prepetition claim against either Debtor is not listed in the Schedules or is listed as disputed, contingent, or unliquidated, and (ii) that desires to share in any distribution in these Chapter 11 Cases; and

> b.    any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

### IV.    Proofs of Claim Not Required to be Filed by the General Bar Date

19.    Debtors propose the following entities, whose claims otherwise would be subject

to the General Bar Date or the Governmental Bar Date, need not file proofs of claim:

> a.    any person or entity that already has filed a signed proof of claim against the correct Debtor in a form substantially similar to Official Bankruptcy Form No. B410;

> b.    any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed", "contingent", or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claims is an obligation of the specific Debtor against which the claims is listed in the Schedules;

> c.    any holder of a claim that heretofore has been allowed by Order of this Court;

> d.    any person or entity whose claims has been paid in full by either of the Debtors;

e.      any holder of a claim for which specific deadlines have previously been fixed by the Bankruptcy Court;

f.      either Debtor having a claim against the other Debtor or any of the non-debtor subsidiaries of GetSwift Technologies Limited having a claim against any of the Debtors;

g.      any holder of a claim allowable under 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration; and

h.      any current or former officer, director, or employee of either Debtor for claims based on indemnification, contribution, or reimbursement.

## V.    Administrative Expense Claims Not Required to be Filed

20.     Administrative expense claims[4] will be paid by Debtors in the ordinary course of business, and need not file proofs of claim.  For the avoidance of doubt, Debtors propose the following holders not be required to file a proof of claim on account of any administrative expense claim:

a.      any party that has already properly filed an administrative expense claim that clearly sets forth that such party is asserting an administrative expense claim;

b.      any party whose administrative expense claim has been allowed by a prior order of the Bankruptcy Court;

c.      any professional advisor (*e.g.*, attorneys, financial advisors, accountants, claims agents) whose administrative expense claim is for compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under sections 330(a), 331, or 503 of the Bankruptcy Code;

d.      any claim of any current or former officer or director of either Debtor for indemnification or contribution or based upon any officer or director or other policy of insurance; and

e.      governmental entities holding claims covered by section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

---

[4] As used in this Motion, the term "administrative expense claim" means a claim for costs or expenses of administration allowed under sections 503(b), 507(b), or 1114(e)(3) of the Bankruptcy Code, excluding claims under section 503(b)(1)(D) of the Bankruptcy Code.

## VI.     No Requirements to File Proofs of Interest

21.     Debtors propose that any entity holding an interest in either Debtor ("Interest Holder"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, Interest Holders who want to assert claims against either Debtor that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest, must file a claim by the applicable Bar Dates, unless another exception identified in this motion applies.

## VII.     Procedures for Providing Notice of and Filing Proofs of Claim

22.     Debtors propose the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims.  Debtors propose to serve on all known entities holding potential prepetition General Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as **Exhibit B** and incorporated herein by reference ("Bar Date Notice"); and (b) a proof of claim form substantially in the form attached as **Exhibit C** ("Proof of Claim Form"); (collectively with the Bar Date Notice and the Proof of Claim Form, "Bar Dates Notice Package").

23.     As soon as practicable, but no later than three (3) business days after the entry of the Bar Date Order, Debtors shall mail the Bar Dates Notice Package by first-class United States mail to: (a) all holders of claims or potential claims listed in the Schedules; (b) the U.S. Trustee; (c) the Subchapter V Trustee; (d) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Dates Order; (e) all counterparties to

executory contracts of Debtors listed in the Schedules; (f) all parties to litigation with Debtors, if any; (g) the Internal Revenue and all other taxing authorities for the jurisdictions in which Debtors conducted business as of the Petition Date; (h) all holders of record of any Interests in Debtors as of the date of the Bar Date Order, if any (although copies of the Proof of Claim Form will not be provided to them); (i) all other entities listed on Debtors' consolidated matrix of creditors; and (j) counsel to any of the foregoing, if known.

24.     Debtors do not propose to publish notice of the Bar Date pursuant to Bankruptcy Rule 2002(l), as Debtors believe that adequate notice of the Bar Date will have been provided to parties in interest by the procedures proposed herein. Each debtor has a relatively small creditor body, and most, if not all, of these parties have been aware of the Chapter 11 Cases (especially through the SaaS sale process) for some time.

25.     Debtors respectfully submit that the notice procedures described are "reasonably calculated under the circumstances to apprise an interested party of the pendency of the bankruptcy case" and the requirement of filing a Proof of Claim by the Bar Date. *See*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

26.     For any claim to be validly and properly filed, a claimant must submit a completed, signed original of the Proof of Claim Form together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), so as to be actually received no later than 5:00 p.m. ET on the applicable Bar Date, to the Clerk of the Court of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408. All filed Proof of Claim Forms must: (a) be written in English; (b) be denominated in lawful currency of the United States; and (c) conform substantially with the Proof of Claim Form.

27.     Debtors propose that claimants be permitted to submit Proof of Claim Forms by electronic filing with the Bankruptcy Court's CM/ECF system, mail or overnight delivery.  Proof of Claim Forms submitted by facsimile or e-mail will not be accepted.  Proof of Claim Forms will be deemed filed when actually received by the Bankruptcy Court.

**VIII.    Effect of Failure to File a Proof of Claim Form**

28.     Debtors propose that entities that fail to properly file a Proof of Claim Form by the applicable Bar Date be forever barred, estopped, and enjoined from: (a) asserting any prepetition claim against either Debtor that such entity may possess and that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent, and liquidated, or (ii) is of a different nature, classification, or priority than any claim identified in the Schedules on behalf of such entity (any claim under this subparagraph (a) being referred to herein as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

## NOTICE

29.     Debtors have provided notice of this Motion to the following parties and/or their respective known counsel, as applicable: (i) the United States Trustee for the Southern District of New York, (ii) the Subchapter V trustee, (iii) the holders of the 20 largest unsecured claims against each Debtor; and (iv) any such other party entitled to notice pursuant to Rule 9013–1(b) of the Local Bankruptcy Rules for the Southern District of New York or that requests notice pursuant to Bankruptcy Rule 2002.  Debtors submit that, in light of the nature of the relief requested, such notice is appropriate and sufficient under the circumstances and no other or further notice need be given.

## NO PRIOR REQUEST

30.     No prior request for the relief sought herein has been made to this Court or any

other court.

## LOCAL RULE 9013–1(A) STATEMENT

31.     This Application includes citations to the applicable rules and statutory authorities

upon which the relief requested herein is predicated and a discussion of their application to this

Application.  Accordingly, Debtors submit that this Application satisfies Local Rule 9013–1(a).

## CONCLUSION

32.     By this Motion, Debtors seek entry of an order (i) establishing the bar dates

proposed herein for the filing of proofs of claim against either Debtor pursuant to Rule 3003(c) of

the Federal Rules of Bankruptcy Procedure, (ii) approving the form and manner of notice thereof

pursuant to Bankruptcy Rule 2002(a)(7), and (iii) for such other and further relief as to this Court

seems proper and just.

Dated:    December 22, 2022
          New York, New York

                                   **BARCLAY DAMON LLP**

                                   By: */s/ Janice B. Grubin*
                                   Janice B. Grubin
                                   Ilan Markus
                                   Scott L. Fleischer
                                   1270 Avenue of the Americans, Suite 501
                                   New York, New York 10020
                                   Telephone:  (212) 784-5800
                                   jgrubin@barclaydamon.com
                                   imarkus@barclaydamon.com
                                   sfleischer@barlcaydamon.com

                                   *Counsel to Debtors and Debtors-in-Possession*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11, Subchapter V |
| | : | |
| GETSWIFT, INC., | : | Case No. 22-11057 (MEW) |
| | : | Lead Case |
| | : | |
| GETSWIFT TECHNOLOGIES LIMITED, | : | Case No. 22-11058 (MEW) |
| | : | |
| Debtors. | : | Jointly Administered |

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
### AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the Chapter11 petitions on August 2, 2022 (the "Filing Date"), shall file a proof of claim in writing or electronically on the Bankruptcy Court's website at www.nysb.uscourts.gov so that it is received on or before February 22, 2023 at 5:00 p.m. ET, and it is further

**ORDERED**, that proofs of claim filed by governmental units must be filed on or before February 22, 2023 (more than one hundred eighty (180) days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a)    Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b)    Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Bankruptcy Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File a Proof of Claim" link on the Bankruptcy Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408;

(c)    Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d)    Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(e)    Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a)    Any person or entity that has already filed a proof of claim against the Debtors in the above-captioned cases in a form substantially similar to Official Form No. 410;

(b)    Any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules;

and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    Any holder of a claim that heretofore has been allowed by Order of this Court;

(d)    Any person or entity whose claim has been paid in full by either of the Debtors;

(e)    Any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f)    Either Debtor having a claim against the other Debtor or any of the non-debtor subsidiaries of GetSwift Technologies Limited having a claim against any of the Debtors;

(g)    Any holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration; and

(h)    Any current or former officer, director, or employee of either Debtor for claims based on indemnification, contribution, or reimbursement; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Bankruptcy Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interest, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

    (a)    The United States Trustee;

    (b)    The Subchapter V Trustee;

    (c)    All persons or entities that have requested notice of the proceedings in the chapter 11 cases;

    (d)    All persons or entities that have filed claims;

    (e)    All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

    (f)    All parties to executory contracts of the Debtors;

    (g)    All parties to litigation with the Debtors;

    (h)    The Internal Revenue Service for the district in which the case is pending, and all other taxing authorities for the jurisdictions in which Debtors conducted business as of the Petition Date;

(i)       All holders of record of any Interests in Debtors as of the date of the Bar Date Order, if any; and

(j)       Such additional persons and entities as deemed appropriate by the Debtors; and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

Dated: _____, 2023
      New York, New York

                                          _____
                                          HON. MICHAEL E. WILES
                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11, Subchapter V |
| | : | |
| GETSWIFT, INC., | : | Case No. 22-11057 (MEW) |
| | : | Lead Case |
| | : | |
| GETSWIFT TECHNOLOGIES LIMITED, | : | Case No. 22-11058 (MEW) |
| | : | |
| Debtors. | : | Jointly Administered |

---

### NOTICE OF DEADLINES REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST GETSWIFT, INC AND/OR GETSWIFT TECHNOLOGIES LIMITED:**

The United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") has entered an order ("Bar Date Order") establishing **February 22, 2023 at 5:00 p.m. ET** ("Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts, and governmental units[1]) to file a proof of claim against either of the Debtors listed above (the "Debtors").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to August 2, 2022, the date on which the Debtors commenced cases under subchapter V of title 11 of the United States Bankruptcy Code, except for claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement. Governmental units may have until February 22, 2023 at 5:00 p.m. ET ("Governmental Bar Date"), which is more than one hundred eighty (180) days after the order for relief, to file proofs of claim.

---

[1] As used in this notice, the term "governmental unit" has the meaning attributed to it in Bankruptcy Code section 101(27) and includes the United States, states, commonwealths, districts, territories, municipalities, foreign states or departments, agencies and instrumentalities of the foregoing.

1.    **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to August 2, 2022 (the "Filing Date"), and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.    **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. B410; a case-specific proof of claim form accompanies this notice. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attached to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

<span style="color:red">Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).</span>

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.  The names of each Debtor and their case number appear at the top of the proof of claim form, and the box must be checked for the debtor that the claimant is filing a claim against.

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be **received on or before February 22, 2023 at 5:00 p.m. ET**.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Bankruptcy Court's Case Management/Electronic Case File ("CM/ECF") system.

Those without accounts with the CM/ECF system may create and electronically file their proofs of claim through the "File a Proof of Claim" link on the Bankruptcy Court's website at www.nysb.uscourts.gov, or by mailing or delivering the original proof of claim to the Bankruptcy Court at the address provided below:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 614**
> **New York, New York 10004-1408**

Proofs of claim will be deemed filed only when <u>received</u> by the Bankruptcy Court on or before the Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

**4.     <u>CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED</u>**

You do **not** need to file a proof of claim on behalf of a claim on or prior to the Bar Date if the claim falls into one of the following categories:

(a)     Any claim that has already been asserted in a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. B410 (unless you wish to assert the claim against a Debtor not mentioned in the prior proof of claim, in which case an additional proof of claim must be filed);

(b)     Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (iii) the claimant does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)     Any claim that previously been allowed by Order of the Bankruptcy Court;

(d)     Any claim that has been paid in full by any of the Debtors;

(e)     Any claim for which a different deadline has previously been fixed by this Court;

(f)     Either Debtor having a claim against the other Debtor or any of the non-debtor subsidiaries of GetSwift Technologies Limited having a claim against any of the Debtors;

(g)     Any claim allowable under §§ 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates; and

(h)     Any current or former officer, director, or employee of either Debtor for claims based on indemnification, contribution, or reimbursement.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time.  However, if you assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of

such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

5.    **EXECUTORY CONTRACTS**

If you have a claim arising out of the rejection of an executory contract as to which the order authorizing such rejection is dated on or before _____, 2023, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date.  Any person or entity that has a claim arising from the rejection of an executory contract, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract.

6.    **CONSEQUENCES OF FAILURE TO FILE A CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

7.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and

Unexpired Leases (collectively, the "Schedules"). If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

If you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's Internet website at http://www.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday, at the office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, New York 10004-1408. Copies of the Debtors' Schedules may also be obtained by written request to Debtors' counsel at the address, e-mail address, and telephone number set forth below.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: _____, 2023          **BY ORDER OF THE COURT**
       New York, New York


_____
COUNSEL FOR THE DEBTORS AND
DEBTORS-IN-POSSESSION

**BARCLAY DAMON LLP**
By:   Janice B. Grubin
      Ilan Markus
      Scott L. Fleischer
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com
sfleischer@barlcaydamon.com

# EXHIBIT C

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In Re:<br><br>☐  GetSwift, Inc.<br>    (Case No. 22-11057-mew)<br><br>☐  GetSwift Technologies Limited<br>    (Case No. 22-11058-mew) | Chapter 11, Subchapter V<br>Jointly Administered<br>Case Number 22-11057-mew (Lead Case) |

<u>Official Form 410</u>

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor**

Name of the current creditor (the person or entity to be paid for this claim):

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**

☐  No
☐  Yes. From Whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: _____
Address: _____
_____
_____

Telephone: _____
Email _____

Where should **payments** to the creditor be sent? (If different):

Name: _____
Address: _____
_____
_____

Telephone: _____
Email _____

Uniform claim identified for electronic payments in Chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐  No
☐  Yes. Claim number on court claims registry (if known) _____     Filed on _____
                                                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐  No
☐  Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | **Do you have any number you use to identify the debtor?** | ☐  No |
| | | ☐  Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| 7. | **How much is the claim?** | $ _____ | **Does this amount include interest or other charges:**<br>☐  No<br>☐  Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information. |

| 9. | **Is all or part of the claim secured?** | ☐  No |
| | | ☐  Yes.   The claim is secured by a lien on property. |

**Nature of property:**

☐  Real Estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410A) with this Proof of claim.

☐  Motor Vehicle.

☐  Other.  Describe:   _____

**Basis for perfection:**   _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                            $_____

**Amount of the claim that is secured:**       $_____

**Amount of the claim that is unsecured:**   $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐  Fixed

☐  Variable

| 10. | **Is this claim based on a lease?** | ☐  No |
| | | ☐  Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| 11. | **Is this claim subject to a right of setoff?** | ☐  No |
| | | ☐  Yes. Identify the property: _____ |

| 12. | Is all of part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | |
|---|---|---|---|
| | | ☐ Yes.  *Check all that apply.* | **Amount entitled to priority** |
| | | ☐  Domestic support obligations (including alimony and child support) under 11 U.S.C. §§ 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority. | ☐  Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use.  11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐  Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition was filed or the debtor's business ends, whichever is earlier.  11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐  Taxes or penalties owed to governmental units.  11. U.S.C. § 507(a)(8). | $_____ |
| | | ☐  Contributions to an employee benefit plan.  11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐  Other – Specify applicable paragraph of 11 U.S.C. §§ 507(____) | $_____ |
| | | *\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.* | |

| 13. | Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☐ No | |
|---|---|---|---|
| | | ☐ Yes.  **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business.  Attach documentation supporting such claim.** | $_____ |

## Part 3:                                                        Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who flies a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.
☐  I am the creditor's attorney or authorized agent.
☐  I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004..
☐  I am the guarantor, surety, endorser, or other codebtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor creditor for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable believe that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date:  _____

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
        First name          Middle name          Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

        _____
        City                    State          Zip Code

Contact phone  _____    Email  _____

<u>Official Form 410</u>

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                          12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

18 U.S.C. §§ 152, 157, and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

**Presentment Date:  January 12, 2023 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline:  January 9, 2023 at 4:00 p.m. (prevailing Eastern Time)**

**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
Scott L. Fleischer
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com
sfleischer@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11, Subchapter V |
|  | : |  |
| GETSWIFT, INC., *et al.*,[1] | : | Case No. 22-11057 (MEW) |
|  | : | Lead Case |
| Debtors. | : | Jointly Administered |

**NOTICE OF PRESENTMENT OF ORDER (I) ESTABLISHING**
**BAR DATES FOR FILING CLAIMS, AND (II) APPROVING**
**THE FORM AND MANNER OF NOTICE THEREOF**

**PLEASE TAKE NOTICE** that upon the annexed motion ("Motion") of the above

captioned debtors and debtors-in-possession ("Debtors"), dated December 19, 2022, the Debtors

will present the *Order (i) Establishing Bar Dates for Filing Claims, and (ii) Approving the Form*

*and Manner of Notice Thereof*, substantially in the form annexed to the Motion as **Exhibit A**

("Proposed Order"), for signature to the Honorable Michael E. Wiles of the United States

Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"), One Bowling

Green, New York, New York 10004-1408, on **January 12, 2022 at 12:00 p.m. ET**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GetSwift, Inc. (4235) and GetSwift Technologies Limited (4875).

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Proposed Order and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefor, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov), with a hard copy delivered directly to chambers and served so as to be actually received no later than **January 9, 2022 at 4:00 p.m. ET** ("Objection Deadline"), upon (i) counsel for the Debtors, Barclay Damon LLP, 1270 Avenue of the Americas, Suite 501, New York, New York 10020, Attn: Janice B. Grubin (jgrubin@barclaydamon.com), Ilan Markus (imarkus@barclaydamon.com), and Scott L. Fleischer (sfleischer@barclaydamon.com); (iii) the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014-7016, Attn. Andrea B. Schwartz, Esq. (Andrea.B.Schwartz@usdoj.gov) and Tara Tiantian (Tara.Tiantian@usdoj.gov); and (iv) the Subchapter V Trustee, Heidi J. Sorvino, White and Williams LLP, 7 Times Square, Suite 2900, New York, New York 10036-6524 (sorvinoh@whiteandwilliams.com).

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and received by the Objection Deadline, the requested relief in the Motion may be granted without further notice or a hearing.  If an objection is filed, you will be notified of a hearing to consider the requested relief.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Proposed Order may be obtained free of charge by request to Debtors' counsel at jgrubin@barclaydamon.com.  You may

also obtain copies of any pleadings by visiting the Bankruptcy Court's website at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:    December 19, 2022
          New York, New York

**BARCLAY DAMON LLP**

By: _____
Janice B. Grubin
Ilan Markus
Scott L. Fleischer
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com
sfleischer@barlcaydamon.com

*Counsel to Debtors and Debtors-in-Possession*